UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIM. NOS. 2:18-CR-37-DBH-01 |
| | ) | AND 2:19-CR-05-DBH |
| RYAN LANDERS, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

On June 25, 2020, Ryan Landers filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (part of the First Step Act). Crim. No. 2:18-cr-37, ECF No. 160; Crim. No. 2:19-cr-05, ECF No. 81. He attached an Exhibit demonstrating that, as the statute requires, he first requested relief from the Warden (FMC Devens) on June 4, 2020, Mot. Ex. A. The Warden denied the request in writing on June 10, 2020, stating the reasons. Thus, the Warden acted within the statutory 30-day limit. The Warden's letter also advised Landers of his available administrative appeal remedy. Landers confusingly says he "has exhausted his administrative remedies . . . and continues to pursue remedies with the Bureau of Prisons." Mot. at 1. But he does not tell me what remedies he is pursuing or that his appeal was rejected.

The relevant part of the statute provides that a defendant can seek compassionate release from the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).  Obviously if the Warden does not act on a request within 30 days, a defendant like Landers is free to go to court.  But what if—as here—the Warden makes a timely decision?  Can the defendant simply ignore it and proceed to court?  Or must the defendant then exhaust his administrative rights of appeal?

As I did in United States v. Rembert, No. 2:12-CR-66, 2020 U.S. Dist. LEXIS 107423, at *2-3 (D. Me. June 19, 2020), I join those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court.  See, e.g., United States v. Saenz, No. 97CR2106, 2020 WL 2767558, at *2 (S.D. Cal. May 28, 2020) ("[B]ecause the warden acted on Defendant's request, no lapse has occurred."); United States v. Miller, No. 2:16-CR-00269, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request.  In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."); United States v. Weidenhamer, No. CR-16-01072-001, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) ("[T]he better reading is to require administrative exhaustion if a warden acts on a request within 30 days.  The statute requires a defendant submit a request to her warden.  If the warden acts

on that request in a timely manner, it is appropriate to require a defendant to pursue an administrative appeal."). But see United States v. York, No. 3:11-CR-76, 2019 WL 3241166, at *5-6 (E.D. Tenn. July 18, 2019).[1]

Since Landers has not shown that he has fully exhausted his administrative rights to appeal the Warden's decision, his motion is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

**DATED THIS 26TH DAY OF JUNE, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] United States v. Gioeli, No. 08-cr-240, 2020 WL 2572191, at *2-3 (E.D.N.Y. May 21, 2020), describes the "split" on this issue among the district judges in the Second Circuit.